## John De Groot *v.* E. R. V. Wright and wife.

The bill, filed in 1848, stated that, in 1817, the complainant's mother, a widow, agreed with complainant that he might take possession of a tract of land, and make improvements on it; and that, in consideration of his so doing, he might take the rents, issues and profits thereof during his natural life. That the complainant, accordingly, took possession of and has since continued to cultivate the said tract, and to take the rents, issues and profits thereof, and has built a dwelling house &c. thereon. That his mother, in 1846, conveyed the said tract to a daughter of the complainant, in fee, for the consideration of natural love and affection. That the said deed was accepted by the daughter with full knowledge of the interest of the complainant; and that it was understood and agreed that it was not to take effect during the life of complainant. The bill prayed that the deed might be corrected; and that the daughter might be restrained by injunction from prosecuting an ejectment. The injunction was allowed. The mother was not made a party.

The answer denied all knowledge or information of any agreement that the complainant was to enjoy the land during his life, or for any other term; and stated that the defendant is informed and believes that no such agreement was ever made between the complainant's mother and him; and averred that the deed to the defendant was drawn according to the wishes and desire of complainant's mother.

*Held,* that the mother should have been made a party defendant. And that, she not being made a party defendant, the answer was sufficient to dissolve the injunction.

The bill, filed in 1848, states, that Joanna DeGroot, about 1817, was seized and possessed of a certain tract of land containing about 810 acres, (describing it,) bounded &c., and on the south by lands now in the occupancy of the said Joanna; and that the said Joanna, who is the mother of the complainant, and with whom the complainant was living at the time of making the agreement mentioned in the bill, and hath continued to do so from thence hitherto, about the year 1817, as well in consideration of the natural love and affection which she bore the complainant as for the benefits she would derive from the improvements the complainant proposed to put on said lands, agreed with the complainant that he might enter upon and take possession of the said tract of land and make improvements thereon, and that, in consideration of so doing, the complainant might possess and enjoy the said tract of land and have the rents, issues and profits thereof to his own use and benefit, for and during his natural life.

That before the time of making said agreement, and before the complainant took possession thereof as after mentioned, the said tract was in a low state of cultivation and unproductive; the fences out of repair and going to waste; no dwelling house or barn or other buildings on the same; and that, about the year aforesaid, the complainant entered upon and took possession of the said tract, and commenced to cultivate, and hath since, hitherto, continued to cultivate the same; that he hath built a good substantial farm house, barn and other outbuildings thereon; repaired old and erected new fences wherever the same were wanting; planted fruit trees and made other improvements; which have greatly advanced the value of the said property. That these improvements have been made at the sole expense of the complainant, and have cost him at least $3000.

That the complainant has always, since he first entered into possession of the premises, hitherto, by himself and his tenants been in the actual occupancy and possession of the same, and taken to his own use the rents, issues and profits thereof.

That one John Scott, senior, is now, as the tenant of the complainant, in the possession and occupancy of the dwelling house, barn, garden and curtilage belonging to said tract, and the complainant is in possession and occupancy of the residue thereof.

That the said Joanna, on or about Sept. 5, 1846, conveyed, as the complainant has been informed and believes, by deed, the said premises to Naomi C. E. Wright, the wife of Edwin R. V. Wright, her heirs and assigns; the said Naomi being the daughter of the complainant and the granddaughter of the said Joanna; and that the said conveyance was made upon the consideration of natural love and affection. But the complainant charges, that the said deed was made and accepted with full knowledge by said Naomi and the said E. R. V. Wright of the rights and interests of the complainant in the premises; and that it was understood and agreed between the said Joanna and the said Naomi, and as he believes, with the said E. R. V. W., that the same was not to take effect during the lifetime of the complainant, so as to affect or interfere with his rights and interests in said premises during said period; and that the complainant was to have the use and possession of the premises during his life.

That the said Joanna is aged 84, or thereabouts, and confided in said E. R. V. W., who is a lawyer by profession, to draw the said deed ; and if the said deed does not, as the complainant believes it does not, reserve the use of the said lands to the complainant during his life, it was drawn in violation of the express understanding and agreement made by the said Naomi and, as the complainant believes, by the said E· R. V. W. also, with the said Joanna, that the complainant should possess and enjoy the same to his death ; and is a fraud upon the said Joanna and the complainant.

That the said E. R. V. W. and the said Naomi have lately threatened to turn the complainant and his said tenant out of possession ; and that, before the 1st of May last, the said E. R. V. W. caused to be served upon the complainant a notice in writing requiring the complainant to deliver up to him on the 1st of May the possession of said premises, or that he would hold the complainant liable as a trespasser.

That the said E. R. V. W. and his said wife have lately brought two ejectments ; one against the complainant, and the other against the complainant's said tenant, John Scott, senior.

The bill prays that the said deed may be corrected, in conformity with the alleged agreement, so as to reserve to the complainant a life estate in the premises ; and that the said E. R. V. W. and wife may be perpetually injoined from prosecuting the said ejectments, and from commencing any other action, during the life of the complainant to turn him or his tenants out of the possession of the premises, or in any way to disturb his enjoyment thereof ; and for further and other relief.

Wright and his wife are the only defendants.

A preliminary injunction was allowed,

The defendants answered the bill.

They admit the seizin of the said Joanna as stated in the bill ; and that she and the complainant have lived together in the same house and on the same farm, as stated in the bill.

They deny that they had any knowledge or information, ex-

cept by the bill, that any such agreement was entered into be-
tween the said Joanna and the complainant as in the bill stated,
or any agreement whatever by which the complainant was enti-
tled to enjoy said tract of land for his natural life or for any other
time, except as the tenant at will; but that they are informed
and believe, and therefore aver, that no such agreement was
ever made or entered into between the said Joanna and the com-
plainant.

They say they are ignorant of what was the state of cultiva-
tion of the said tract at and before 1817, or the condition of the
fences thereon; but that they have been informed and believe
that there was then no house or barn upon the same, and that a
house, barn and other improvements have been put upon the same
under the superintendence of the complainant; but that they do
not admit or believe that they cost $3,000, or were made at the
proper cost of the complainant; but they aver that at and after
1817 the said Joanna was a widow possessed of considerable
property, consisting of her homestead farm, of which the tract
described in the bill formed a part, and of money at interest,
and of a house and lot in the city of New York, rented out.
That the complainant, being her only child, and having at that
time her entire confidence, was entrusted by her with the man-
agement of all her property, collected and received her interest
and rents and the produce of her land, and therewith improved
the property at his discretion, as these defendants are informed
and believe, in the expectation that at the death of his said
mother he would succeed to her whole estate, real and personal,
and without any agreement or understanding whatever for a life
estate or any other estate in said lands made or entered into
with the said Joanna.    And they aver and insist, that the com-
plainant received of the moneys of the said Joanna, in manner
aforesaid, not paid over by him to her or otherwise appropriated
to her use, more than all the moneys expended by him in the im-
provement of the said tract of land.

They admit that the complainant has been, since about 1817,
in possession of said tract, by himself or his tenants; but only,
as they insist and aver, by permission of and as tenants at will
under the said Joanna, who permitted him to take the rents, is-

sues and profits thereof, or the greater part of the same, to his own use; she herself residing upon and being in possession of the same jointly with him.

They admit that John Scott, senior, is in possession of part of said land in the bill described, as tenant of the complainant, and of the dwelling house, barn and garden thereon.

They say that on the 24th of March, 1844, and for several years before that time, the said Joanna was and had been dissatisfied with the complainant on account of his conduct towards her and his mismanagement of her property, and had withdrawn her confidence from him, and had determined to convey her property, or the greater part thereof, beyond his control, unto her grandchildren, the children of the complainant, upon condition and in consideration of her said grandchildren securing to her a full, ample and respectable support and maintenance during her natural life. And that, in pursnance of said determination, she did, on the 24th of March, 1844, by deed of that date, with full covenants of warranty and against incumbrances, convey to the défendant Naomi a house and lot in Lispenard street, New York, known as No. 234 on the Lispenard map. And that, at the time of the execution and delivery of the said conveyance, and as the consideration thereof, the defendant E. R. V. Wright, jointly with Samuel E. DeGroot, a grandson of the said Jcanna, to whom, in pursuance of her said determination, she had also conveyed a part of said real estate, executed and delivered to the said Joanna a deed of covenant, bearing even date with the said conveyance, in the words and of the tenor following : " In con- sideration of the homestead farm being conveyed to me, Samuel E.'DeGroot, by my grandmother, Joanna DeGroot, being the place on which she now lives, by deed bearing even date herewith, and in consideration of the house and lot belonging to the said Joanna DeGroot being conveyed to her granddaughter Naomi, my wife, now therefore we the said Samuel E. DeGroot and Edwin R. V. Wright do covenant to and with the said Joanna DeGroot, for ourselves and our heirs, jointly and severally, that we will, during her natural life, 'furnish and provide or pay to the said Joanna DeGroot a full support and maintenance, or such sum of money annually as she shall consider equivalent for the purpose of sup-

porting and maintaining her, in as full, ample and respectable a manner as she has always lived." In witness &c. ; dated March 26, 1844. And that the said house and lot in New York, so conveyed to said Naomi by the said Joanna, as part of her share in the distribution of her estate and for the consideration of the covenant aforesaid, was afterwards discovered by the said Joanna to have been incumbered by means of the complainant and the confidence reposed in him by her, to a large amount; which was not known to the said Joanna at the time of such conveyance. She did, therefore, for the purpose of carrying out her original intention, and of making good to the said Naomi the loss occasioned by said unexpected incumbrance, and of satisfying the breach of the covenant in said deed, by deed dated Sept. 5, 1846, convey to the said Naomi, in fee simple, the lands in the said bill of complaint described. But the defendants, each for himself and herself, deny that they had any knowledge, intimation or belief, at the time of the making and delivering said deed, that the complainant had any right or interest in said lands, either at law or in equity, for his natural life or for any other term whatever; or that it was understood and agreed between the said Joanna and the said Naomi that said deed was not to take effect during the lifetime of the complainant; or that it was any part of the agreement or understanding on which said deed was delivered that the complainant should have the use and possession of the premises during his life.

They admit that said Joanna is of about the age mentioned in the bill; and that the defendant E. R. V. W. is a lawyer, and was intrusted by her to draw said deed, and did draw the same, and that the same is an absolute conveyance in fee simple; but they deny that the same was drawn in any way or respect different from or in violation of any understanding or agreement between the said Joanna and these defendants, or either of them, or different from her understanding, wishes or instructions; or that the same was in anywise a fraud. And they aver it was drawn according to her desire and instructions.

They insist that, if any such agreement was made between the said Joanna and the complainant as is stated in the bill, which they do not admit or believe, it was not in writing or sign-

33

ed by the said Joanna, and that therefore, by the act for the prevention of frauds and perjuries, any estate which the complainant could or would acquire in said premises under such agreement, if made, would have been an estate at the will of said Joanna and her assigns only, which estate at will, if any existed, was terminated by these defendants by their notice to quit, in the bill stated to have been served. And they pray that they may have the same benefit of the said statute and the facts above set forth relative thereto as if the same had been pleaded.

On this answer, a motion was made to dissolve the injunction.

*A. O. Zabriskie* for the motion.

*W. Pennington* contra.

THE CHANCELLOR. The complainant is the only child of Joanna DeGroot. The defendant, Naomi Wright, is a child of the complainant. The complainant and his mother, after the death of his father, continued to live together on the homestead farm of his deceased father.

The case made by the bill is, shortly, that, in 1817, the said Joanna, the complainant's mother, agreed with the complainant that he might enter upon and take possession of a certain tract of land of about eighty acres, and make improvements; and that in consideration of so doing, he might possess and enjoy the same and take the rents, issues, and profits thereof during his natural life. That, about the year aforesaid, the complainant took possession of the said tract and commenced to cultivate the same, and hath since hitherto continued to cultivate the same. That he has built a dwelling house, barn and other outbuildings thereon, and made other improvements; and has always, since he so took possession, been in the occupancy and possession thereof and taken to his own use the rents, issues and profits thereof. That the said Joanna, in September 1846, conveyed the said tract to the defendant Naomi, wife of the defendant E. R. V. W., her heirs and assigns, for the consideration of natural love and affection.

That the said deed was made and accepted with full knowledge by the defendants of the rights and interests of the complainant in the premises, and that it was understood and agreed, that the same was not to take effect during the life of the complainant, so as to affect his rights and interests during said period, and that the complainant was to have the use and possession of said tract during his life.   That the said deed was drawn by E. R. V. W., and that, if the said deed does not, as complainant believes it does not, reserve the use of the said tract to the complainant during his life, it was drawn in violation of the express understanding and agreement made by the said Naomi with the said Joanna, that the complainant should possess and enjoy the same to his death, and is a fraud on the said Joanna and this complainant.   The bill prays that the said deed from the said Joanna to the said Naomi may be corrected, in conformity with the said alleged agreement, so as to reserve to the complainant a life estate in the premises; and that the defendants may be injoined from prosecuting an ejectment brought by them, or any other action to turn the complainant out of possession, during his life. The said Naomi and her said husband, E. R. V. W., are the only defendants.   Joanna DeGroot is not made a defendant.

The answer denies that the defendants had any knowledge or information that any such agreement was entered into between the said Joanna and the complainant, or any agreement whatever by which the complainant was entitled to enjoy the said tract of land for his natural life, or any other time, except as tenant at will; and says that the defendants are informed and believe that no such agreement was ever made or entered into between the said Joanna and the complainant.

The defendants severally deny, that at the time of the making and delivery of the said deed from the said Joanna to the said Naomi they had any knowledge, information or belief that the complainant had any right or interest in the said tract of land for his life, or for any other term; or that it was understood or agreed between the said Joanna and the said Naomi that said deed was not to take effect during the life of the complainant; or that it was any part of the agreement or understanding on which said deed was delivered that the complainant should have the use

and possession of the said tract during his life. They deny that the said deed was drawn in any way or respect different from or in violation of any understanding or agreement between the said Joanna and the said Naomi, or different from their understanding, wishes and instructions ; and they aver it was drawn according to their desire and instructions.

As to the alleged agreement or understanding between Joanna and Naomi that the deed from Joanna to Naomi was not to take effect during the life of the complainant, such agreement or understanding, if made or had, would, of course, be known to Naomi. She denies that any such agreement or understanding was made or existed. The answer upon this point of the case is a sufficient denial of the bill. It must be taken, then, for the purposes of this motion, that the deed from Joanna to Naomi was made as it was intended to be made. Joanna intended to convey, and did convey, by the deed to Naomi, the fee, making and intending to make no reservation of or provision for any interest in the premises to or in favor of the complainant. She may have relied that Naomi, being the daughter of the complainant, and her husband would not turn the complainant out of possession, but would permit him to occupy the premises duing his life ; and something may have passed between her and Naomi, before or after the delivery of the deed to Naomi, which gave her confidence in this respect ; but she made an absolute deed, and imposed no obligation on Naomi. And her making an absolute deed must be considered as an assertion on her part that she had the right to do so, and a denial of any interest in the premises in the complainant, or any other person, interfering with her right to do so.

The question, then, as to the propriety of dissolving or retaining the injunction, is to be determined upon the bill and answer in relation to the agreement alleged in the bill to have been made between Joanna and the complainant. Such an agreement might have existed and not be within the direct and positive knowledge of the defendants ; and if Joanna had been made a party defendant, the answer of Naomi and her husband that they had no knowledge of any such agreement, and were informed and believe that no such agreement existed, would not have been sufficient to to dissolve the injunction.

Joanna should have been made a defendant. The complainant denies her right to convey the property without reserving a life estate therein to him, and calls, in his bill, for a correction of the deed from Joanna to Naomi, so as to reserve or to procure for him such life estate. But he omits to make Joanna a defendant; gives her no opportunity of answering his allegation; deprives the defendants of the benefit of the answer of Joanna; and calls only on Naomi and her husband for an answer as to the alleged agreement between him and Joanna.

The complainant has chosen to test only the consciences of Naomi and her husband as to this matter: he has not chosen to test the conscience of Joanna. Under these circumstances the answer of the defendants that they have no knowledge of any such agreement between Joanna and the complainant, and that they are informed and believe that no such agreement existed is a sufficient answer to the bill. The complainant knew that this was all the answer the defendants could give, and has omitted to make a defendant one who should have been made a defendant, and who could answer from her own knowledge to the existence or non-existence of such an agreement.

The correctness of this view appears, in this case, from the fact that the affidavit of Joanna, taken on the part of the complainant, and which was read subject to the opinion of the court whether it could be considered on this motion, does not sustain the allegation of an agreement between Joanna and the complainant as stated in the bill; but disproves it.

Injunction dissolved.